## CRAWFORD v. HARRIS.

### S. F. No. 18; July 28, 1896.

#### 45 Pac. 819.

**Building Contract.—In an Action for Services for Construction** of a building, defendant, after testifying that plaintiff left the job uncompleted, and that he (defendant) thereafter superintended the work himself, and that it took up his time so that he could not attend to his business (which, it appears, was that of a merchant) for two months, was asked "the value of the time he lost" while personally superintending the work. Held, that the question was objectionable, as calling, not for the reasonable compensation of a superintendent, but for the value of his time.

**Building Contract.—Allowing Defendant, on Cross-examination,** in an action for construction of a building which he claimed he had to complete himself, to be asked if he had not told the brickman that he would not pay him, but that if he got anything he would have to get it out of plaintiff, even if error, is harmless, defendant's answer being "No."

**Jury—Misconduct.—The Presumption Being That Jurors have** faithfully performed their duty, a new trial is properly denied where the affidavits charging misconduct of jurors are fully met by counter-affidavits of the jurors.

APPEAL from Superior Court, City and County of San Francisco; A. A. Sanderson, Judge.

Action by S. T. Crawford against I. Harris. Judgment for plaintiff. Defendant appeals. Affirmed.

M. J. Platsheck for appellant; W. H. Jordan for respondent.

SEARLS, C.—Action to recover $500 for work, labor and services performed by plaintiff for defendant, and for $353.35 as a balance due for money paid, laid out and expended by plaintiff for defendant, and to recover interest on said two several sums. Defendant denied his indebtedness to plaintiff, and, by way of cross-complaint, set out that plaintiff was indebted to him in the sum of $1,000, for so much money by him (the said plaintiff) had and received to and for the use of defendant, and, in a separate count,

claimed a like sum of $1,000 on an account stated; and, in a third count, defendant claimed damages in the sum of $500 for the violation by plaintiff of a contract to superintend the erection and construction of additions and alterations to two certain buildings owned by defendant, and demanding judgment against plaintiff for $2,500. The cause was tried by a jury, and a general verdict returned in favor of plaintiff for $916.46, for which sum judgment was entered. The appeal is from such judgment and from an order denying a motion on behalf of defendant for a new trial.

Defendant was the owner of two buildings at the corner of Grove street and Van Ness avenue, in the city and county of San Francisco, which he desired to have remodeled, in part rebuilt, and converted into a single structure. About the month of June, 1892, as the result of sundry interviews on the subject, he entered into a verbal contract with the plaintiff, by the terms of which the latter agreed to furnish, and did furnish, plans, and was to superintend the alterations, construction, etc., all for $500. Plaintiff took charge of the work, had the necessary grading done, moved the buildings as required by the necessities of the case, employed a foreman, ordered materials, employed, by himself or through the foreman, all needed mechanics and laborers, usually paying the mechanics, etc., and calling upon the defendant for money to reimburse himself. The work progressed until, say, the month of November, when plaintiff called upon defendant for some $309.10 to reimburse himself for moneys alleged to have been expended in the payment of mechanics, which defendant refused to pay, averring that the bills were unjust, fraudulent, etc. Plaintiff left the building the last of November or first of December, 1892, at which time he claims it was substantially completed, except in some minor particulars not requiring his attention. There was a sharp conflict in the evidence; not only upon this last point, but also upon the general conduct of the business, and reasonableness of the expenditures incurred by plaintiff on behalf of defendant. The jury, by a general verdict in favor of plaintiff, has passed upon all the issues involved; and as there was testimony which, if believed, was sufficient to support such verdict, it can subserve no useful purpose to examine such evidence in detail, where the inevitable conclusion must be that, in the face of

the substantial conflict which characterizes the testimony, we are not authorized to substitute our views for those of the jury. The verdict must therefore stand, unless there are other and more cogent reasons for its reversal.

Two errors of law only are predicated upon the rulings of the court during the trial:

1. The defendant had testified on his own behalf to the effect that plaintiff left the job about November 24, 1892, and that thereafter he (the defendant) had superintended the work himself, and that it took up his time so that he could not attend to his business for, say, about two months. Defendant's counsel then put the following question: ''What was the value of the time which you lost during the months of December, 1892, and January, 1893, during which you personally superintended the work?'' Plaintiff's counsel objected upon the ground that the question was immaterial and irrelevant. The objection was sustained, and the ruling is assigned as error. We think the ruling should be upheld. It appeared, inferentially at least, that defendant was a merchant; and, as the question, in the form it was put, called, not for a reasonable compensation of a superintendent, but for the value of his time—the value of the time he lost—it was not sufficiently definite. He may well have considered his time worth $1,000 per month, but it would not follow that a superintendent of the building in question was entitled to any such compensation. Defendant was permitted to prove, and did thereafter show, the value of his services as a superintendent of the building, viz., that such services were worth $3.50 per day, and there was no contradiction of this testimony.

2. Plaintiff's counsel was permitted by the court, against the objection of defendant's counsel, to ask the defendant, on cross-examination, if he (the said defendant) had not told one Tarp, the brickman, that he (defendant) would not pay him a cent for his work, and if he got anything he would have to get it out of plaintiff. It is sufficient to say of this question that, while the question was within the discretion of the court, a proper one, in view of the direct examination, yet if it be conceded that it was not, as the answer was, ''No, sir,'' no injury accrued to defendant.

One other point only remains to be noticed. It relates to alleged misconduct on the part of several of the jurors. A

number of affidavits are filed, tending to show that several of the jurors admitted to the affiants either that they were familiar with the building, the subject of the controversy, before the trial, or, as to some of them, that they visited and examined the structure pending such trial. In every instance the jurors thus impugned filed their counter-affidavits, in which they emphatically denied every fact from which any inference of misconduct could be fairly deduced. The most that can be said is that two or three of the jurors had frequently passed the building, and one of them, having a friend residing therein, had been in the building; but none of them knew anything of the character of its construction, its owner, or those who made the improvement. In short, their knowledge was only such as we all gain by the casual observance of the buildings which we pass or enter without any circumstance calling our attention thereto. Jurors will be presumed to have performed their duty faithfully and well, until the contrary is made to appear; and, as all charges of improper conduct are fully met, and negative the allegations of the charging affidavits, the motion for a new trial, so far as based upon the misconduct of the jury, as well as for other causes, was properly overruled. We recommend that the judgment and order appealed from be affirmed.

We concur: Vanclief, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.