## BOB POLLOCK V. THE STATE.

No. 9812.    Delivered January 27, 1926.

Rehearing denied February 24, 1926.

**1.—Burglary—Misconduct of Jury—Not Shown.**

Where appellant complains of the misconduct of the jury while the judge and county attorney were out of the court room, in some of the jurors leaving the jury box and walking around the room and in the hall adjoining, it not being shown that any of the jurors conversed with any person, or that any person conversed with them, no injury is shown. A party alleging misconduct of the jury has the burden on him of showing their misconduct, and in this instance none is shown.

Appeal from the District Court of Navarro County. Tried below before the Hon. Hawkins Scarborough, Judge.

Appeal from a conviction for burglary, penalty three years in the penitentiary.

The opinion states the case.

*Albert R. Young* of Corsicana, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is burglary, the punishment is three years in the penitentiary.

There are no bills of exception contained in the record. In his motion for new trial appellant seeks to allege misconduct of the jury. He attaches the affidavit of L. J. Woods to his motion which affidavit states in effect that the jury while the judge and the county attorney were out of the court room, "divided and some of them went out into the hall and some of them went into an ante room adjoining the court room, and some of them remained in their seats. That the hall is in front of the court room and about a distance of seventy-five feet from the jury box, and that there were many people walking around in the hall and in the court room. Affiant says he didn't know any of the men who walked out into the hall and didn't think there were over two or three that walked out there, but that several of the jury walked around in the court room." In the absence of any further showing that the jurors conversed with any person or that any person conversed with them, we do not think that the affidavit is sufficient to show misconduct. A party alleging misconduct of the jury has the burden on him to show it and we think that this affidavit falls short of discharging this burden.

In addition to what has been said we note that the trial court certifies in overruling the motion for a new trial that he finds as a fact that the jurors did not separate during the trial of the case.

There is no other matter even suggested in the motion for a new trial that could be considered by us in the absence of a bill of exceptions taken on the trial of the case and properly preserving the matter complained of.

Finding no errors in the record and believing that the facts are sufficient to support the verdict, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—A re-examination of the record in the light of the appellant's motion for rehearing leaves us of the opinion that on the original hearing the proper disposition was made of the appeal.

The motion is overruled.

*Overruled.*