## LUCOUS JONES V. THE STATE.

No. 10374.   Delivered November 10, 1926.

**Possessing Intoxicating Liquor—Separation of Jury—No Injury Shown.**

It has been the long recognized rule in this state that where some of the jurors become momentarily separated from the other jurors, and during such separation they talk to no one about the case, and their verdict is not in any way influenced by reason of such separation, same is not sufficient ground for a new trial, or a reversal of the case on appeal. Following Webb v. State, 69 Tex. Crim. Rep. 413; Latham v. State, 75 Tex. Crim Rep. 575.

Appeal from the District Court of Kleberg County. Tried below before the Hon. A. W. Cunningham, Judge.

Appeal from a conviction for possessing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*C. H. Reese* and *E. H. Crenshaw, Jr.,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Kleberg County for unlawfully possessing intoxicating liquor, and his punishment assessed at one year in the penitentiary.

There is only one bill of exception in the record, wherein the appellant complains of the refusal of the court to grant him a new trial because of the alleged separation of the jury during the trial. The record discloses that at the noon hour, when the jurors were leaving the courtroom in the custody of the officer, three of them stopped in the toilet while the remaining nine, with the officer in charge, proceeded to the front door of the courthouse. It was there discovered that three of the jurors were missing, and the remaining nine were detained until the other three came up. The court heard testimony from the various jurors, and this testimony discloses that there was no one in the toilet except the three jurors, that they talked to no one about the case, and that the time during which they were away from the remaining jurors ranged, according to their estimates, from one minute to two or three minutes. After a full investigation of this matter, the court overruled the motion for a new trial, and after a careful examination of the record on this point

we fail to find any injury sustained by the appellant by reason of said alleged separation. It seems to be the well established rule in this state that under circumstances of this kind, where some of the jurors are momentarily separated from the other jurors, same is not sufficient ground for a new trial, in the absence of injury to the appellant. Webb v. State, 69 Tex. Crim. Rep. 413, 154 S. W. 1013; Latham v. State, 75 Tex. Crim. Rep. 575, 172 S. W. 803.

After a careful examination of the entire record, and failing to find any reversible error therein, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.                                    *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.