### DAN PATTERSON V. THE STATE.

No. 10750.　Delivered March 9, 1927.

Rehearing denied April 27, 1927.

**1.—Manslaughter—New Trial—Separation of Jury—Properly Refused.**

While the separation of a jury, after it is impaneled and sworn to try a felony case is prohibited by statute, a reversal of the judgment would not result where it was shown affirmatively that there was no influence brought to bear upon the jury, in consequence of the circumstance, and no opportunity therefor, the purpose of the statute being to preserve the purity of the verdict. See Art. 745, C. C. P. Watson v. State, 199 S. W. 1113, and other cases cited.

ON REHEARING.

**2.—Same—Continued.**

Under the facts disclosed in the record before us, there was not that character of a separation of the jury established, that would raise the pre-

sumption of injury, by reason of such separation. Unless, and until misconduct is shown by the testimony, no burden is imposed upon the state, which it must rebut.

Appeal from the District Court of Limestone County.   Tried below before the Hon. W. T. Jackson, Judge.

Appeal from a conviction for manslaughter, penalty five years in the penitentiary.

The opinion states the case.

*F. B. Kimbrell* and *Wm. Kennedy of Groesbeck,* for appellant. On separation of jury, appellant cites:   Porter v. State, 1 Tex. Crim. App. 394; Mornoch v. State, 7 Tex. Crim. App. 269; McCampbell v. State, 40 S. W. 496; Brown v. State, 38 Tex. Crim. Rep. 482; English v. State, 13 S. W. 775; Eads v. State, 170 S. W. 145; Cockrell v. State, 211 S. W. 939, and Walker v. State, 37 Tex. Crim. Rep. 367.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, Judge.—The appellant was convicted of the offense of manslaughter, and sentenced to five years in the penitentiary.

The record contains but one bill of exception.   It complains of the action of the learned trial judge in overruling appellant's motion for a new trial predicated upon the misconduct of the jury in separating pending their deliberation upon the case.

Upon the hearing before the court upon the motion for a new trial, proof was adduced, and it was made to appear that before the jurors had reached a verdict the jury was separated; that some were sitting at tables in the back of a drug store, and some of the jurors were in the front at the door, and one of the jurors had gone out on the street.   It was shown that at the time the jury was separated, as just detailed, there were other people in the drug store and others coming in and out, and that the distance between the jurors in the back of the drug store and the one out in front on the sidewalk was about fifty or sixty feet.

The witness Goolsby testified on the hearing on the motion for a new trial that the jury passed him in groups of two or three, all strung out; that as they filed along by him one juror by the name of McKinley had fallen four or five steps behind the other jurors, who had turned the corner and were out of sight of the juror McKinley; that said juror McKinley stated to him,

Goolsby, "Big Boy, we've got them just like we had them before, and we are going to stay with them;" that this particular juror had served on a jury with the witness Goolsby when they were tied up for a long time.

The separation of a jury after it is impaneled and sworn to try a felony case is prohibited by statute. Art. 745, C. C. P. In the case of Watson v. State, 199 S. W. 1113, Judge Morrow, speaking for the court, made the following observations:

"It has frequently been held by this court that a reversal would not result where it was shown affirmatively that there was no influence brought to bear upon the jury in consequence of the circumstance and no opportunity therefor. The purpose of the statute is to preserve the purity of the verdict, and where it is shown that a temporary separation of one of the jurors did not, and could not, have affected the verdict or impartiality of the trial a reversal is not required or authorized."

We do not think the facts in this case show such a separation of the jury as was contemplated by the statute. A careful reading of the evidence adduced on the hearing on the motion for a new trial shows that at no time were any of the jurors separated to that extent that they were not under the personal observation and control of the officer in charge. While the jurors were in the drug store, they were at all times, all of them, where the officer in charge could see them and observe their conduct. The facts further show that the witness Goolsby made no reply to the statement made by the juror McKinley. This could have in no way worked any injury to the appellant. Bayer v. State, 257 S. W. 242; McClure v. State, 273 S. W. 605; Pollock v. State, 280 S. W. 578; Jones v. State, 288 S. W. 207.

The learned trial judge correctly concluded from the evidence that the conduct complained of did not warrant the granting of a new trial, and we do not feel justified in disturbing his finding.

The judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—It is ingeniously argued for appellant that the state has not met the burden on it to rebut the presumption of injury arising from alleged misconduct of the jury. On the hearing of the motion for new trial appellant produced

two witnesses, one of whom said the jurors were in a drug store, some in the rear, some in other parts of the room, and one stood out on the sidewalk, but that all were in view of the sheriff, who was about the middle of the drug store. He said he saw no communications with or from the jurors. This is not such separation as is forbidden by Art. 668, P. C.; Robinson v. State, 58 Tex. Crim. Rep. 550; Barnes v. State, 61 Tex. Crim. Rep. 37; Galan v. State, 68 Tex. Crim. Rep. 200. The other witness testified that a juror in passing, spoke to him, as set out in our original opinion. This witness said he made no reply to what the juror said. This is not "Conversing with a juror," which is forbidden in Art. 671, P. C. Unless and until misconduct is shown by the testimony, no burden is imposed upon the state which it must rebut.

The motion for rehearing is overruled.          *Overruled.*