### UNITED STATES v. EVETT et al.
#### Cr. No. 9516.

District Court, N. D. California, N. D.
April 2, 1946.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., and Harlan M. Thompson, Asst. U. S. Atty., of Sacramento, Cal., for plaintiff.

Thomas C. Perkins, of Sacramento, Cal., for defendant Lawrence Evett.

WELSH, District Judge.

Defendant, Lawrence Evett, made a motion for a new trial upon the ground of misconduct with relation to the jury. It was supported by affidavits to the effect that a United States Narcotic Agent and a Deputy United States Marshall made statements in the corridor of the fourth floor of the Federal building in Sacramento which could have been heard by a juror before the case was submitted to the jury.

Said alleged statements related to an attempt by said defendant to escape from custody and intimidation of a witness by force and threats during the noon recess.

Counter-affidavits by said Narcotic Agent and Deputy Marshall categorically denied the affidavits filed on behalf of the defendant. An affidavit by Lorraine Wheeler, the juror specified by defendant's affidavits, denied that she heard the alleged statements of said officers; stated that she went directly to the jury box and heard no conversations in the corridor at the time in question; and that the only statements which she did hear relative to the attempt to escape and intimidate the witness came from the lips of a witness on the stand in open court.

Inasmuch as the affidavits charging misconduct are fully met by counter-affidavits, defendant failed to establish sufficient grounds for granting a new trial. While certain conflicts exist, there is a preponderance in favor of the regularity of the proceedings.

It must be presumed that the jurors faithfully performed their duty without any outside influence upon their verdict. Crawford v. Harris, 5 Cal.Unrep. 403, 405, 45 P. 819; Sheehan v. Hammond, 2 Cal.App. 371, 375, 84 P. 340.

Even if certain improper statements had been made as alleged, it does not appear that they could have had the effect of influencing the verdict of the jury, as the testimony presented by the Government overwhelmingly established the guilt of the defendant Evett for violation of the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408. A new trial will not be granted except for that which would prejudice the moving party. Union Electric Light & Power Co. v. Snyder Estate Co., D.C., 15 F.Supp. 379, 382.

Said defendant further urged that statements of similar import were made by a Deputy Marshal to defendant's counsel in the courtroom where they could have been overheard by the jurors. Said counsel took no steps with reference to said alleged statements prior to the rendition of the verdict. When knowledge of any such irregularity is known to counsel, he "may not sit by in silence, taking chances on a favorable verdict, and after a hostile verdict, then, for the first time, be heard to complain." Zibbell v. Southern Pacific Co., 160 Cal. 237, 252, 116 P. 513, 520.

The motion for a new trial is denied.