UNITED STATES

v.

Technical Sergeant Thomas E. STONE, FR 236–80–3794, United States Air Force.

ACM 25559.

U.S. Air Force Court of Military Review.

Sentence Adjudged 6 June 1986.

Decided 16 Jan. 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi, Captain Timothy J. Malloy and Lieutenant Colonel Michael Sofocleous, USAF.

Appellate Counsel for the United States: Colonel Joe R. Lamport and Captain Marc Van Nuys.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

This is an appeal from a general court-martial conviction for unlawful entry, wrongful appropriation, larceny and communicating a threat. It is the outgrowth of a romantic relationship with a female enlisted member which she wished to terminate and the appellant did not. While we conclude that no grounds exist to overturn either the findings or the sentence,[1] there is one aspect of the proceedings that warrants discussion.

On 30 June 1986, the appellant's father wrote the Commander, 23rd Air Force, alleging that while he was sitting outside the deliberation room, he heard "[O]n at least three (3) occasions ... loud and boisterous laughter ... [which gave him] the impression that the deliberations were being held in an insensitive, insincere and festive atmosphere rather than in [a] ... thorough and serious manner." He further averred that during a recess he overheard one member tell another that the "defendant was certainly guilty."[2]

In response to this letter the Commander, 23rd Air Force, acting under the provisions of Air Force Regulation 120–4, *Procedural Guide for Administrative Inquiries and Investigations*, 23 December 1981, (hereinafter cited as AFR 120–4) directed that an inquiry be made into this allegation of court member impropriety and appointed a field grade judge advocate as an investigating officer for this purpose. This individual apparently drafted a series of questions to be asked the court-members touching upon their conduct and behavior during the *closed deliberations*. A number of the questions, the entire list is attached as an appendix to this decision, require that they disregard their oath as court members. See R.C.M. 807.

The appropriate resolution of an allegation of juror misconduct is by judicial determination and not by administrative conclusion. See *United States v. Accordino*, 20 M.J. 102 (C.M.A.1985). The proper response to a letter or other information alleging court member misconduct is for the recipient to bring it to the attention of the trial judge, who could, if the circum-

---

1. The approved sentence extends to confinement for 18 months, forfeiture of $300 per month for 18 months and reduction to staff sergeant.

2. The appellant's MOTION FOR LEAVE TO FILE LETTER FROM ACCUSED pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982) is GRANTED.

stances justified it, conduct a posttrial Article 39(a) session into the matter. Article 39(a), U.C.M.J., 10 U.S.C. § 839(a); *see* R.C.M. 1102; *United States v. Carr*, 18 M.J. 297 (C.M.A.1984). That is what should have been done here. Our reading of AFR 120–4 leaves little doubt that investigations under its authority were not intended to be adjunct proceedings to courts-martial. The title itself denotes its administrative purpose and the preamble and internal provisions make this manifestly clear. See para. 2–3, AFR 120–4. The use of an administrative inquiry as a substitute for a judicial hearing where the accused is present and represented by counsel is improper and cannot be condoned. We ask that those charged with administering military justice within the Air Force take appropriate steps to insure that the situation just described does not recur.

 Having determined that the administrative inquiry initiated by the 23rd Air Force Commander into a complaint of court member impropriety was inappropriate, we must now assess its impact on the appellant's trial. The information received by the commander, even if given to the trial judge, did not require that the latter convene a posttrial Article 39(a) session. Court members are presumed to have performed their duty properly, *United States v. Evett*, 65 F.Supp. 151 (N.D.Cal.1946), and the party alleging the misconduct has the burden to establish it. *Pollock v. State*, 280 S.W. 578 (Tex.Crim.App.1926). Here the only evidence even suggesting court member misconduct is a letter from an inadvertent eavesdropper alleging he and others heard laughter in the deliberation room. Further, accepting *arguendo*, that one member suggested to another during a recess that the "defendant was certainly guilty," this passing remark is not juror misconduct of a nature sufficient to justify a mistrial even if requested; that condition is not present here. *See United States v. Martin*, 19 C.M.R. 646 (A.F.B.R.1955). These circumstances, standing alone as they do, do not justify impeaching the verdict. Further, we reaffirmed our position in *United States v. Harris*, 32 C.M.R. 878, 885 (A.F.B.R.1962), where we observed:

[T]he sanctity of the closed sessions of a court martial should be preserved at all costs. The members should not be put to the task of checking for snoopers during their discussions. We determine that the better rule for application in the military and the one we prefer, is that eavesdropping evidence of what transpired in the court-martial's closed session is incompetent to impeach a finding or sentence.

There is no indication here to support a conclusion that the members were less than conscientious in performing their obligation as fact-finders. Nor is there any suggestion that rank or other improper means were used to influence the vote of any member. *See generally United States v. Accordino, supra.* In summary, the letter alleging juror misconduct did not require a posttrial hearing. Accordingly, the appellant was not prejudiced by the administrative inquiry into the alleged misconduct.

The remaining assigned errors are resolved adversely to the appellant. U.C.M.J. Article 66(c), 10 U.S.C. § 866(c); *United States v. Clavey*, 565 F.2d 111 (7th Cir.1977). The findings of guilty and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge HOLTE concur.

## APPENDIX

### QUESTIONS TO COURT MEMBERS

1. Will you please state your name, grade, and organization.

2. Did you serve as a court member in the court martial proceedings of TSGT Thomas E. Stone?

3. Did you have any problems following the MJ's instructions?

4. Did you discuss the case with other members outside the deliberation room?

5. Do you think that discussions while deliberating were ...

Serious?

Frivolous?

6. Is this the first time you have acted as a court member?

7. How do you feel towards your duties and responsibilities as a juror?

8. Do you remember saying to another court member that "the accused was definitely guilty"?

9. Who, if anyone, made such a remark?

10. To whom was it made?

11. When was it said? During deliberation for findings or for sentencing?

12. Did such a remark influence in any way your ability to pass judgment over the accused?

13. Did you take your *duties* as a juror seriously?

14. Do you remember if anyone was laughing while in the deliberation room?

15. What was the reason for it?

16. Would you describe the laughter?

17. Was such a laughter an expression of disregard for the proceedings?

18. Did such incident cause you to ignore your duties and responsibilities as a juror?

19. Did the accused receive a fair trial?

20. Do you feel that any of the members acted in an unprofessional manner? *Describe:*

21. You are reminded that this is an official Air Force Investigation and you are not to discuss its substance with an unauthorized person. Do you understand this?