UNITED STATES, Appellee,

v.

Thomas E. STONE, Technical Sergeant,
U.S. Air Force, Appellant.

No. 57,242.
ACM 25559.

U.S. Court of Military Appeals.

Sept. 19, 1988.

For Appellant: *Major Frank J. Spinner* (argued); *Colonel Leo L. Sergi* (on brief); *Colonel Fred W. Kuhn, Lieutenant Colonel Michael Sofocleous*, USAFR, *Major Timothy J. Malloy.*

For Appellee: *Major Carole W. Hanson* (argued); *Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Captain Jeffrey H. Curtis* (on brief); *Captain Michael D. Murphy* and *Captain Mark Van Nuys.*

## OPINION OF THE COURT

EVERETT, Chief Judge:

Contrary to appellant's pleas, a general court-martial composed of officer members convicted him of two specifications of unlawful entry and one specification each of larceny, wrongful appropriation, and communicating a threat, in violation of Articles 134 and 121 of the Uniform Code of Military Justice, 10 USC §§ 934 and 921, respectively. He was sentenced to confinement and forfeiture of $300.00 pay per month for 27 months and reduction to the grade of E-4. The convening authority reduced the term of confinement and duration of the forfeitures to 18 months and limited the reduction to pay grade E-5 but otherwise approved the trial results. The Court of Military Review affirmed. 23 M.J. 772 (1987).

This Court granted review of the following issue raised at appellant's request:

WHETHER APPELLANT RECEIVED A FAIR AND IMPARTIAL TRIAL.

We hold that he did and affirm.

### I

Twelve days after his son had been convicted, appellant's father wrote a letter to the convening authority, in which he complained about inappropriate conduct by panel members in his son's case. Mr. Stone stated that he and other named witnesses, including appellant and trial defense counsel, had heard "loud and boisterous laughter" coming from the deliberation room, while the panel was meeting to determine an appropriate sentence for his son. This laughter purportedly had been heard on at least three occasions. Mr. Stone described the panel members' conduct as having created "an insensitive, insincere and festive atmosphere," and he urged that the determination of his son's future deserved more serious consideration than the panel members had given it. Mr. Stone also alleged that during a recess from the deliberations on findings, one panel member had expressed to another the belief that appellant was guilty.

Based on Mr. Stone's complaints, the convening authority ordered an investigation into the court members' conduct. The investigating officer was instructed to use Attachment 4 of Air Force Regulation 120–4, *Procedural Guide for Administrative Inquiries and Investigations,* dated December 23, 1981, for his "report of inquiry." After a week-long investigation, this officer concluded that there was no evidence to substantiate improper conduct by the court members. The laughter that had been heard outside the deliberation room had been a "tension breaker," caused by humorous remarks which were unrelated to the proceedings. He further found that the members had not discussed the case outside of the deliberation room, thus no inappropriate comment had been made regarding appellant's guilt. According to the report, the panel members "acted in a professional manner," while manifesting "concern for the proceedings and respect for" appellant. It was recommended that a letter of apology be sent to Mr. Stone, explaining the findings of the investigator.

### II

#### A

■ The allegations of misconduct by the members were made after Stone's trial

had ended; but the claimed misconduct had occurred prior to completion of the trial. Although appellant and his trial defense counsel purportedly observed some of the misconduct, the defense inexplicably failed to bring the matter to the military judge's attention. Had the defense done so, the judge could have convened a session under Article 39(a), UCMJ, 10 USC § 839(a), prior to the conclusion of the court-martial, while everyone involved was still present. At such a hearing, the defense could have made any appropriate challenges for cause based upon examination of the members and presentation of other evidence. *See* R.C.M. 912(f)(2)(B), Manual for Courts-Martial, United States, 1984. *See also* R.C.M. 912(f)(1)(M) and (N). By failing to raise the misconduct issue in a timely manner, appellant waived any possible challenges he might have. *See* R.C.M. 912(f)(4).

### B

■ The convening authority utilized an administrative investigation to deal with the allegations of misconduct by the court members. However, judicial, rather than administrative, inquiry is the appropriate method for resolving allegations of misconduct by court-martial members. *United States v. Brickey*, 16 M.J. 258, 263–64 (C.M.A.1983); *United States v. Witherspoon*, 16 M.J. 252, 253–54 (C.M.A.1983); *cf. United States Navy-Marine Corps Court of Military Review v. Carlucci*, 26 M.J. 328 (C.M.A.1988). Thus, if possible misconduct comes to light after the trial is completed but before the record of trial is authenticated, the military judge should be advised so that he may conduct a post-trial hearing under Article 39(a) as a continuation of the trial itself. If the allegations of misconduct are made after the record of trial has been authenticated, the convening authority should convene a post-trial hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967); or, if the record has already been transmit-

ted to the Court of Military Review, it can order such a hearing, wherein "appellant would be represented by counsel, have an opportunity to cross-examine witnesses, have findings of facts and conclusions of law entered on the ... issue, and have a verbatim record of the proceedings." *United States v. Levite*, 25 M.J. 334, 339 (C.M.A.1987).*

■ Regardless of the method of inquiry into allegations of misconduct by court members, a privilege concerning their deliberations will limit the scope of the inquiry. *See* Mil.R.Evid. 606(b), Manual, *supra; cf.* Fed.R.Evid. 606(b); *Tanner v. United States,* — U.S. —, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987). Only three specific circumstances are recognized as being a proper subject of testimony by court members which might impeach their findings or sentence:

(1) when extraneous information has been improperly brought to the attention of the court members; (2) when outside influence has been brought to bear on a member; and (3) when unlawful command influence has occurred.

*United States v. Accordino*, 20 M.J. 102, 104 (C.M.A.1985). As the Supreme Court explained in *Tanner* regarding Fed.R.Evid. 606(b):

"[L]et it once be established that verdicts solemnly made and publicly returned into court can be attacked and set aside on the testimony of those who took part in their publication and all verdicts could be, and many would be, followed by an inquiry in the hope of discovering something which might invalidate the finding. Jurors would be harassed and beset by the defeated party in an effort to secure from them evidence of facts which might establish misconduct sufficient to set aside a verdict. If evidence thus secured could be thus used, the result would be to make what was intended to be a private deliberation, the constant subject of public investigation—to the destruction

---

* In the unusual case, the Court of Military Review might be able to utilize affidavits to determine that there has been no jury misconduct or that it could not have prejudiced the accused in any way.

of all frankness and freedom of discussion and conference." *McDonald v. Pless*, 238 U.S. [264], at 267–268 [35 S.Ct. 783, at 784–785, 59 L.Ed. 1300] [ (1915) ]. 107 S.Ct. at 2747.

### C

■ Apart from appellant's waiver of this complaint, we are convinced that nothing occurred during the deliberations of the court-martial members which prejudiced his right to a fair trial. Even assuming (but not concluding) that the court members were unduly mirthful at times and thereby demeaned the seriousness of their important task, this circumstance did not demonstrate a lack of fairness or impartiality on their part. We recognize that, even when persons are engaged in difficult, unpleasant, or sad duties, laughter sometimes takes place. The term "gallows humor" recognizes this phenomenon. Even if a court member casually remarked to another member that he thought the accused was guilty, we do not believe this established that he was willing later to disregard the military judge's subsequent instruction as to proof beyond reasonable doubt and the other requirements for conviction. Thus, while it may have been entirely appropriate that a letter of apology be written to appellant's father because of laughter during the deliberations, we perceive nothing in this case which requires a change in the findings or sentence.

### III

The decision of the United States Air Force Court of Military Review is affirmed.

Judges COX and SULLIVAN concur.