**UNITED STATES**

**v.**

**Technical Sergeant Ennis L. WALLACE, FR 577–78–5639, United States Air Force.**

**ACM 27378.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 25 Oct. 1988.

Decided 31 March 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major Mark R. Bell.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Lieutenant Colonel Robert E. Giovagnoni; Major Jeffrey H. Curtis and Major Stephanie E. Pappas, USAFR.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

## DECISION

FORAY, Senior Judge:

Pursuant to his pleas, appellant was convicted by a general court-martial of using cocaine and marijuana, in violation of Article 112a, UCMJ, 10 U.S.C. § 812a. The court members sentenced him to a bad conduct discharge and reduction to the lowest enlisted grade.

Appellant invites our attention to "the unduly severe sentence rendered by the trial court in this case". He also alludes to a post-trial affidavit of the military judge in his case which he says indicates the court members may have considered improper information during their deliberations on his sentence.

The military judge authenticated the record of trial in this case on 22 November 1988. The affidavit referred to in appellant's claim of error was attached to the authentication page of the record of trial by the military judge. The affidavit was subscribed and sworn to by him on the same date that he authenticated the record of trial. In it he states that on 26 October 1988, one day after appellant's trial, he received a telephone call from one of the court members. Concerning that telephone call, the military judge's affidavit went on to say:

Lt Col [court member] informed me that during the closed session deliberations, a member mentioned that a bad conduct discharge (BCD) can be changed to a general discharge merely by an individual applying for it. That same fact was mentioned again by someone else during the deliberations, but he cannot recall who the other individual was. However, he believes everyone accepted this as a fact and believed that the bad conduct discharge could be changed upon request of the individual.

During the deliberations, there was a lot of discussion concerning whether the members were being too tough, etc., and he feels the incorrect impression regarding the bad conduct discharge could have influenced the votes of some members, but he is not certain. He feels this misunderstanding did influence his own vote in the sense that he did not believe the accused deserved a blackened spot on his record in the sense of a permanent stigma, etc., because he had a good record with a lot of honorable service.

He related that he subsequently became aware that his impression about changing a bad conduct discharge was not correct. He believes that another member would also concur that the members were under this impression.

Both counsel were subsequently notified of the above facts. After receipt of the record of trial, Capt [P] indicated that his client did not wish to ask for a post-trial session. Both counsel agreed that the sentencing instructions as given were sufficient, and neither the prosecution nor the defense felt that a post-trial session to explore the matter further was appropriate or necessary.

As a general rule, court-martial members are not permitted to "impeach their verdict, with respect to matters which essentially inhere therein", however, exceptions to this principle exist when extraneous matters have been improperly considered. *United*

*States v. Bourchier*, 5 U.S.C.M.A. 15, 17 C.M.R. 15 (1954); *United States v. Witherspoon*, 16 M.J. 252 (C.M.A.1983); *United States v. Carr*, 18 M.J. 297 (C.M.A.1984). Mil.R.Evid. 606(b), now sets forth this general rule and provides in part, with regard to the exceptions to the general rule, that:

> [A] member may testify on the question whether extraneous prejudicial information was improperly brought to the attention of the members of the court-martial, . . . .

■ If a military judge becomes aware of any error which may have prejudiced the rights of the accused before he has authenticated the record of trial in the case he may conduct a post-trial session in order to determine the necessary remedial action on behalf of the accused. Such action would be appropriate where the apparent error involves court member misconduct. *United States v. Griffith*, 27 M.J. 42 (C.M.A. 1988).

Pursuant to Article 39(a), UCMJ, 10 U.S. C. § 839(a), the military judge may call a court-martial into session without the presence of the court members at any time after charges have been referred for trial for the purpose of performing certain procedural functions under the UCMJ which do not require the presence of the members. Such a session may be held before and after assembly of the court-martial and, when authorized by the Rules For Courts-martial, after adjournment of the trial and before the action by the convening authority. R.C.M. 803.

■ In the instant case, the action taken by the military judge upon being notified that something untoward may have occurred while the court members were deliberating on the sentence falls far short of what was required under the circumstances.[1] When it was brought to his attention that there was the probability that extraneous incorrect information regarding the ease of converting an executed punitive discharge to an administrative discharge may have influenced the decision of some of the court members he should have *sua sponte* convened a post-trial session pursuant to Article 39(a), UCMJ.[2] The session was necessary in order to enable the military judge to judicially assess the facts and determine if any prejudice to appellant's rights occurred. When such session was not so convened by the military judge, the convening authority should have referred the matter to the military judge for the post-trial Article 39(a) session for that further inquiry after he received the authenticated record of trial and before he took his action in the case. As a result of the failure to conduct the post-trial hearing into this matter, the integrity of the court-martial proceeding as to the sentence has been undermined and appellant was prejudiced thereby. *United States v. Witherspoon, supra; United States v. Carr, supra; United States v. Stone*, 26 M.J. 401 (C.M.A.1988).

Accordingly, the findings of guilty are affirmed and the sentence is set aside. The record of trial is returned to The Judge Advocate General for remand to the convening authority. A rehearing on the sentence may be ordered.[3]

---

1. We do not agree with the assessment of the trial and the defense counsel that the sentencing instructions given by the military judge were sufficient to preclude the need for a post-trial session to inquire into the apparent error that may have been committed by the court members.

2. See Article 74, UCMJ, 10 U.S.C. § 874; Air Force Regulation 111-1, *Military Justice Guide*, paragraph 16-16 (30 September 1988); Air Force Pamphlet 110-3, *Civil Law*, paragraph 4-21c (11 December 1987); Air Force Regulation 20-10, *Air Force Discharge Review Board* paragraphs 2a and 19 (27 November 1982); and Air Force Regulation 31-3; *Air Force Board For Correction Of Military Records* paragraph 18c26 (31 May 1985), as to remission, suspension, and changing punitive discharges.

3. We are not unmindful that we could order a post-trial hearing into this matter pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). However, since the sentence was adjudged on 25 October 1988, and because of the relatively transitory nature of military assignments, we deem such a post-trial hearing may be impracticable. *See United States v. Stone, supra; United States v. Levite*, 25 M.J. 334 (C.M.A.1987).

While appellant's case was being reviewed by this Court he moved to withdraw his case from appellate review pursuant to R.C.M. 1110. One of the reasons he sets forth for requesting withdrawal of review is "I have a minimum chance of not being discharged with a bad conduct discharge...." Because of our disposition of appellant's case his Motion For Withdrawal Of Appellate Review is denied.

Judges MICHALSKI and MURDOCK concur.