# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

### Airman Basic FRANKLIN G.U. CRUZ
### United States Air Force

### ACM 38296

### 24 July 2014

Sentence adjudged 20 December 2012 by GCM convened at Andersen Air Force Base, Guam. Military Judge: Gregory O. Friedland.

Approved Sentence: Bad-conduct discharge and confinement for 18 months.

Appellate Counsel for the Appellant: Captain Nicholas D. Carter.

Appellate Counsel for the United States: Colonel Don M. Christensen; Major Daniel J. Breen; Major Roberto Ramírez; and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER and WEBER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

HECKER, Senior Judge:

A military judge sitting at a general court-martial convicted the appellant, pursuant to his pleas, of desertion, fleeing apprehension, resisting apprehension, use of methamphetamine, assault, child endangerment, and reckless endangerment, in violation of Articles 85, 95, 112a, 128, and 134, UCMJ, 10 U.S.C. §§ 885, 895, 912a, 928, 934. A panel of officer and enlisted members sentenced him to confinement for 3 years and a

bad-conduct discharge. Pursuant to a pretrial agreement, the convening authority lowered the confinement to 18 months and approved the remainder of the sentence as adjudged.

On appeal, the appellant argues his record of trial is not substantially verbatim and therefore not reviewable due to its limited discussion of an out-of-court interaction between trial defense counsel and a panel member. Finding no error that materially prejudices a substantial right of the appellant, we affirm the approved findings and sentence.

*Rule for Courts-Martial (R.C.M.) 802 Session*

After the sentencing evidence was presented to the panel but prior to sentencing argument, the military judge stated the following at the beginning of an Article 39(a), UCMJ, 10 U.S.C. § 839(a), session:

> Before we got on the record we had a brief [R.C.M.] 802 [session] with counsel. There was probably characterized as [sic] a minor interaction between one of the members, defense counsel, here in the courtroom. The bailiff was present as well. Does either side—we discussed that issue; there doesn't seem that there's any harm, any foul.

The parties both declined the military judge's invitation to "voir dire the witness," possibly referring to the bailiff. They also responded "no" when asked if there were "[a]ny issues from either side on that interaction as explained in during [sic] the [R.C.M.] 802" session.

The appellant now argues the lack of details about trial defense counsel's interaction with the panel member constitutes a "substantial omission" that renders his record of trial incomplete such that his bad-conduct discharge cannot be approved, citing Article 54(a), UCMJ, 10 U.S.C. § 854(a), and R.C.M. 1103(b). He also contends it is impossible for this Court to evaluate whether he was sentenced by an impartial panel. Citing R.C.M. 804(a), he further argues his right to be present at all trial proceedings has been violated since he was excluded from this R.C.M. 802 conference and there is no evidence he understood the interaction his defense counsel had with the panel member.

A military judge may order conferences with the parties "to consider such matters as will promote a fair and expeditious trial." R.C.M. 802(a). The Discussion section clarifies this rule by stating that "[t]he purpose of such conference is to inform the military judge of anticipated issues and to expeditiously resolve matters on which the parties can agree, not to litigate or decide contested issues." R.C.M. 802(a), Discussion. Accordingly, R.C.M. 802 conferences need not be recorded and are not part of the record of trial under Article 54, UCMJ. R.C.M. 802(b). However, matters agreed upon at such conferences must be included in the record orally or in writing. *Id.*; R.C.M. 1103(b)(2), Discussion.

ACM 38296

Here, during an R.C.M. 802 conference during the sentencing phase of the trial, the parties discussed a "minor interaction" trial defense counsel had just had with a panel member and agreed it had caused "no harm, no foul." Given the parties' agreement with that conclusion, it was not inappropriate for the military judge to resolve this matter during an R.C.M. 802 conference. There is also no requirement for an accused to be present at such a session. *See* R.C.M. 802(d).

The appellant now complains that more details about the "minor interaction" should have been put on the record. At trial, defense counsel declined to object to the adequacy of the description of the R.C.M. 802 session, which indicates counsel was in agreement with how the panel member matter was resolved at the R.C.M. 802 conference and the military judge's summary of that conference. Given the lack of objection at trial, the appellant waived any complaints about the sufficiency of the summary. *See* R.C.M. 802(b). He also waived any challenge to the panel member by failing to raise it in a timely manner. R.C.M. 912(f)(2)(B) and (f)(4). *See also United States v. Stone*, 26 M.J. 401, 403 (C.M.A. 1988).

Furthermore, this discussion at the R.C.M. 802 conference need not be transcribed in a verbatim manner. *See* R.C.M. 802(a), Discussion; R.C.M. 1103(b)(2), Discussion; *cf. United States v. Abrams*, 50 M.J. 361, 363 (C.A.A.F. 1999) (a verbatim transcript must include "sidebar conferences" when they involve a ruling by a military judge on a matter affecting the rights of an accused). The lack of a verbatim transcript or more details about the panel member issue does not constitute a "substantial omission" nor render the record of trial incomplete. *See United States v. Gaskins*, 72 M.J. 225, 230-31 (C.A.A.F. 2013).

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred.[*] Articles 59(a) and 66(c), UCMJ. Accordingly, the approved findings and sentence are

AFFIRMED.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

[*] We note the court-martial order (CMO), dated 5 March 2013, contains a minor typographical omission of the word "or," from the phrase "on or about," in five specifications: Specifications 1, 2, and 3 of Charge IV, and Specifications 1 and 2 of Charge V. The CMO also omits the initials of the child identified in Specification 1 of Charge V, whose name was inserted prior to arraignment. *See* Air Force Instruction 51-201, *Administration of Military Justice*, ¶¶ 10.7, 10.8. (21 December 2007, through Interim Change 1, dated 3 February 2010). We order promulgation of a corrected CMO.