UNITED STATES, Appellee

v

JOHN P. BOLAND, Captain, U. S. Army, Appellant

20 USCMA 83, 42 CMR 275

No. 23,082

September 11, 1970

*Colonel David T. Ghent* and *Captain Raymond A. DiLuglio* were on the pleadings for Appellant, Accused.

*Major Edwin P. Wasinger, Captain Richard K. Bank,* and *Captain Alex B. Shipley, Jr.,* were on the pleadings for Appellee, United States.

## Opinion of the Court

FERGUSON, Judge:

We granted review in this case to consider whether the law officer erred to the substantial prejudice of the accused in his instructions to the court on the manner in which it should proceed in the event one of the court members proposed that a finding be reconsidered.

Paragraph 74d(3), Manual for Courts-Martial, United States, 1969,[1] provides in pertinent part:

---

[1] The revised edition of the 1969 Manual contains the same language.

". . . Any member of a court may propose that a finding be reconsidered. If a reballot is proposed by any member as to a finding of guilty of an offense for which the death penalty is mandatory by law, an additional ballot shall be taken immediately. Otherwise, the question shall be determined on *secret written ballot,* and a reballot shall be taken on a prior not guilty finding when a majority of the members vote in favor *thereof or* on a prior guilty finding if more than one-

third of the members favor reballoting." [Emphasis supplied.]

In the case at bar, the law officer instructed the court that:

". . . Reconsideration of the finding may be requested by any member of the court. If such a request is made the members of the court shall vote *orally* on the request. . . ." [Emphasis supplied.]

The law officer's instruction that the members could vote "orally" on the question of reconsideration of the finding, being contrary to the Manual requirement, was erroneous. United States v McAllister, 19 USCMA 420, 42 CMR 22 (1970).

In *McAllister*, where the record in fact reflected that the members did reballot prior to returning a finding of guilty, a majority of this Court stated: ". . . [T]he adverse consequence of the reballot is apparent in the court-martial's findings of guilty; and we have no way of knowing whether the result would have been the same if the vote to reballot had been by 'secret written ballot,' as required by the Manual. The findings of guilty of this charge must, therefore, be set aside." [*Ibid.*, at page 423.]

We have no way of knowing whether a reconsideration or reballot on the findings was made in this case. The record reflects, however, that the court members deliberated for approximately one hour and forty-seven minutes before requesting the assistance of the law officer in putting the findings in order. They returned findings of guilty substantially in accordance with the charges and specifications, except that they found the accused guilty of being only absent without leave, in accordance with his plea, although he had been charged with desertion. Where the accused had been charged with larceny of an automobile of a value of $3,850.00, the court returned a finding of guilty of wrongful appropriation of an automobile of a value in excess of $100.00. The ac-

cused was sentenced to dismissal from the service, total forfeitures, and confinement at hard labor for three years. The supervisory authority dismissed the finding of wrongful appropriation of an automobile. He affirmed the remainder and the sentence of the court, except the confinement portion which he reduced to two and one-half years.

The procedural requirement for reconsideration of a finding is neither contrary to nor inconsistent with the Code, has the force of law and is of binding application in trials by court-martial, since it was prescribed by the President pursuant to power specifically delegated to him under Article 36(a), Uniform Code of Military Justice, 10 USC § 836. United States v Smith, 13 USCMA 105, 32 CMR 105 (1962). As we stated in United States v Villasenor, 6 USCMA 3, 7, 19 CMR 129 (1955):

". . . We have consistently recognized that where a Manual provision does not lie outside the scope of the authority of the President, offend against the Uniform Code, conflict with another well-recognized principal of military law, or clash with other Manual provisions, we are duty-bound to accord it full weight."

Cf. United States v Johnson, 19 USCMA 464, 42 CMR 66 (1970); United States v Worley, 19 USCMA 444, 42 CMR 46 (1970).

Since the Manual requirement for a "secret written ballot" on reconsideration of findings is in accord with Article 51(a), Code, supra, 10 USC § 851, which requires that "Voting . . . on the findings . . . shall be by secret written ballot," we perceive the rule as more than a mere technicality. Whether or not it is followed may well have a substantial effect upon the findings ultimately adjudged against an accused. It is a valuable right accorded an accused by directive of the President and should not be lightly regarded.

**85**

An error which affects a substantial right of an accused is presumptively prejudicial. United States v McAllister and United States v Johnson, both supra. Although the presumption may yield to *compelling* evidence in the record that no harm actually resulted (United States v Pierce, 19 USCMA 225, 41 CMR 225 (1970)), a silent record is insufficient to rebut the presumption. Reversal as to those charges and specifications on which the court's finding was in accordance with the plea of guilty of the accused are not affected by our finding of prejudicial error in this case. United States v Cruz, 10 USCMA 458, 28 CMR 24 (1959).

The decision of the Court of Military Review as to specifications 1 and 3 of Additional Charge I and Additional Charge III and its specifications is reversed. The record of trial is returned to the Judge Advocate General of the Army for resubmission to the Court of Military Review. In its discretion, the Court of Military Review may reassess the sentence on the basis of the remaining findings of guilty or it may direct a rehearing on the affected charges and specifications and the sentence. United States v McAllister, supra.

Chief Judge QUINN concurs.

DARDEN, Judge (dissenting):

For this error to have prejudiced the accused, one must make the following assumptions: (1) The court-martial did in fact vote on whether to reconsider a particular finding; (2) at least one member's oral vote was different from what it would have been if it were in writing; and (3) the result of the vote initiated a change of a nonguilty finding to a finding of guilty or it otherwise altered a finding to the detriment of the appellant.

Because I doubt so strongly that all three of these assumptions were borne out by what really happened in this case, I am unable to agree that the error materially prejudiced a substantial right of the accused, as the harmless error statute for courts-martial (Article 59(a), Uniform Code of Military Justice, 10 USC § 859) requires.