UNITED STATES

v.

Frank A. PENA, 336 56 9774, Lance Corporal (E-3), U. S. Marine Corps.

NCM 80 1567.

U. S. Navy Court of Military Review.

Sentence Adjudged 7 Feb. 1980.

Decided 31 March 1981.

LCDR Stephen C. Baker, JAGC, USN, Appellate Defense Counsel.

LCDR John C. Vinson, JAGC, USN, Appellate Government Counsel.

Before GREGORY, DONOVAN and GLADIS, JJ.

DONOVAN, Judge:

Appellant contests the military judge's denial of his motion for a mistrial which appellant founded on the manner in which he thinks the members voted on findings.

Paragraph 74d, Manual for Courts-Martial, 1969 (Rev.) (MCM), states that the members should vote on specifications first, then on the charge under which brought; it indicates that voting by secret written ballot should be individual as to each specification. See Military Judges' Guide, DA Pam 27–9, paragraph 2–4.

Appellant was convicted of six specifications under one charge alleging violations of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892: possession, sale, and transfer of some quantity of lysergic acid diethylamide (LSD) on one day and three identical specifications as to the following day. In pleading not guilty to all these offenses, appellant raised entrapment as a defense, never contesting that the acts occurred. His individual civilian counsel's theory of the case was that the government informant accuser was overzealous; that this accuser was not lying but was overeager to help police efforts on and off-base with the result that he promised sexual gratification from a female drug user in an unlawful inducement to entrap an otherwise law abiding client. Paragraph 216e, MCM. In sum, the case turned on credibility.

An accused's right to a separate vote on each specification was addressed in United States v. Dilday, 47 C.M.R. 172 (A.C.M.R. 1973), in which the Army Court reversed for failure to so vote, refusing at the appellate level to affirm a finding of guilty upon an inference. The Court of Military Appeals addressed a different but related issue in United States v. Boland, 20 U.S.C.M.A. 83, 42 C.M.R. 275 (1970), in which error flowed from an instruction that voting on reconsideration could be oral, vice written. The Court noted that this error was not a "mere technicality" but involved a substantial right of the accused. Since the right was substantial, error was presumed to be prejudicial, absent "compelling evidence" otherwise. Id. at 86, 42 C.M.R. 278. "It is well settled that not every departure from established trial procedure constitutes reversible error." United States v. McAllister, 19 U.S.C.M.A. 420, 422, 42 C.M.R. 22, 24 (1970).

The reason for the rule that vigorous discussion precede voting and that vot-

ing be on individual specifications is a wise one. It reminds military members of their equality in responsibility and their equality in voting authority. Moreover, the paced sequence of voting on each specification tempers human inclinations to conclude that an accused, guilty of one offense, is guilty of all.

The members in the present case were not given the findings worksheet, although one was prepared and referred to by the judge who properly instructed them. In just 5 minutes the members returned from deliberation and the president voiced, in proper language unaided by a worksheet, findings of guilty as to all six specifications and the charge. The individual civilian counsel moved for a mistrial based on apparent member noncompliance with required votings, to wit: six members voting on each specification, plus the charge, would require 42 individual findings. The following morning the defense team produced the product of their search of waste baskets near the court room. The contents reflected "doodling" and did not support evidence of 42 individual votes. Questioning the president, the judge was assured ballots were taken, and that he retained them. Voting, however, was not individually done on each specification, rather the offenses of 3 May were simultaneously voted; then, presumably, the three offenses of 4 May were voted. The president's claimed retention of ballots was not pursued.

We find no prejudicial error in this case only because the reason for the rule on sequential voting does not apply to these facts. The sole issue on which guilt turned was credibility as to the entrapment defense. There was abundant evidence rebutting that theory of the case such as the members could quickly find, beyond reasonable doubt, that appellant was guilty. There was no dispute as to the elements of the offenses, as to sale as opposed to transfer, nor to the possession. Appellant's predisposition to traffic in contraband was established; the accuser's reference to sexual activity was expressed later to explain his own non-use and was not an unlawful inducement. *United States v. Suter*, 21 U.S.

C.M.A. 510, 45 C.M.R. 284 (1972); *United States v. Skrzek*, 47 C.M.R. 314 (A.C.M.R. 1973). There was no extraneous influence as to adversely influence the members. *United States v. Higdon*, 2 M.J. 445, 455 (A.C.M.R.1975). Polling the members was properly refused. *United States v. Connors*, 23 C.M.R. 636 (ABR 1957), and cases cited therein.

Appellant's only other assignment of error notes that the court-martial order states the conviction was adjudged 6 February 1980 whereas the correct trial date was 7 February 1980. Recomputation and any other required action necessary to reflect that fact should be taken to correct this error.

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

Senior Judge GREGORY and Judge GLADIS concur.