**UNITED STATES**

v.

**Sergeant Michelle M. ACCORDINO, FR 110–48–3378 United States Air Force.**

**No. ACM S25705 (f rev)**

U.S. Air Force Court of Military Review.

19 July 1985.

gi, Major William H. Lamb, and Captain Patrick A. Tucker, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Lieutenant Colonel Donal P. Hartman, Jr. and Captain Joseph S. Kistler.

Before HODGSON, FORAY and MURDOCK, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

HODGSON, Chief Judge:

In our earlier decision we refused to consider the affidavits of two court members * and held that the affiants were incompetent to impeach their own verdict. Thus, we did not consider whether the actions of the court-martial president, as alleged in the affidavits, amounted to "improper command influence." *United States v. Accordino*, 15 M.J. 825 (A.F.C.M.R.1983). The Court of Military Appeals concluded that the affidavits should have been considered, and, on remand, returned the case to us for that purpose. *United States v. Accordino*, 20 M.J. 102, 103 (C.M.A.1985).

On the remanded issue appellate defense counsel argue that the president used his rank to forestall a "full and free discussion" of all facets of the evidence. That the members took only 31 minutes to arrive at a guilty verdict indicates, in their view, that the president of the court exerted "improper command influence." Of course, the brevity of deliberations on findings is not an indication of unfairness or that rank

Appellate Counsel for the Accused: Colonel George R. Stevens, Colonel Leo L. Ser-

* The affidavit of Captain W. alleges the following:

On the 11th and 12th of May 1982, I served as a member of a court-martial board hearing the case of Sergeant Michelle M. Accordino. On 12 May 1982, the Board retired for deliberations. I attempted to initiate a discussion on whether or not there was proof that the drug in question was cocaine but was told by the President of the Board that it didn't matter. I protested as did Lt. G ... (another member). I then attempted to discuss the question of the veracity of the two prosecution witnesses who allegedly saw the defendant use drugs. The President of the Board said that there was no need to discuss this as by now everyone on

the Board had made up his own mind. The Board then voted.

The affidavit of Lieutenant G. alleges the following:

On the 11th and 12th of May 1982, I served as a member of a Court-martial board hearing the case of Sergeant Michelle M. Accordino. On 12 May 1982 the Board retired for deliberations. I attempted to ask certain questions but was told by the board president that they were not of a pertinent nature. Another member, Captain W ... attempted to ask certain questions but he was handled in the same manner. Because of my unfamiliarity with the Military Judicial System I feel that this may have influenced my decision.

was used to force a junior member to vote in a certain fashion. *See United States v. Herrin,* 40 C.M.R. 960 (N.B.R.1969).

 The existence of "improper command influence" is a factual determination. *United States v. Tucker and Tullis,* 20 M.J. 863, (A.F.C.M.R.1985). We have examined the affidavits in question and find nothing in them that even remotely suggests that the court-martial president used either his position or rank to coerce a court-member "to vote in a particular manner." Rather, his calling for a vote under the circumstances outlined in the affidavits, was a reasonable exercise of his administrative powers. *United States v. Accordino, supra* at 105. The findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge and MURDOCK, Judge, concur.