**UNITED STATES, Appellee,**

v.

**Private E2 Jackie S. KENDRICK, 253–19–4801, United States Army, Appellant.**

**ACMR 8802819.**

U.S. Army Court of Military Review.

15 Nov. 1989.

For Appellant: Major Marion E. Winter, JAGC, Captain Ralph L. Gonzalez, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Gary L. Hausken, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before FOREMAN, SMITH and VARO, Appellate Military Judges.

OPINION OF THE COURT

FOREMAN, Senior Judge:

A general court-martial composed of officers and enlisted members convicted the appellant, contrary to his pleas, of burglary, robbery, larceny and attempted wrongful appropriation of an automobile, in violation of Articles 129, 122, 121 and 80, 10 U.S.C. §§ 929, 922, 921 and 880 Uniform Code of Military Justice (1982) [hereinafter UCMJ]. His approved sentence provides for a bad-conduct discharge, confinement for two years, forfeiture of all pay and allowances and reduction to Private El.

The appellant contends, *inter alia*, that the military judge incorrectly instructed the members on the voting procedures on findings. The military judge instructed, in pertinent part, as follows:

> The junior member of the court will collect and count the ballots. There must be seven, everybody has to vote. He will not open the ballots, however. The ballots will be folded. The president will verify the count, make sure there are seven, will open the ballots. You will announce not the number of votes cast, you will simply say, "We have arrived at a finding of guilty," or "We have arrived at a finding of not guilty."

The military judge erred.[1] Article 51, UCMJ, 10 U.S.C. § 851 requires that the junior member of the court count the *votes*, not the number of ballots cast. From the beginning of American military jurisprudence, voting procedures have been designed to ensure that the junior members vote without being influenced by the views of their seniors. Article 51, UCMJ, evolved without significant changes from the Articles of War of 1920.[2] Prior to 1920, voting was by voice vote, and the Articles of War provided that, "members of a court-martial, in giving their votes, shall begin with the youngest in commission." Article 95, Arti-

---

1. Use of the model instruction would have avoided the error. Dep't of Army, Pam 27–9, Military Judges' Benchbook, para. 2–30 (1 May 1982) (C2, 15 Oct. 1986).

2. Article 31, Articles of War of 1920, 41 Stat. 793.

cles of War of 1874, 18 Stat. 239.[3] The junior members were required to vote first so that they would be less likely to be influenced by the opinions of their seniors. 1. W. Winthrop, Military Law and Precedents, 532 (1886). When voice voting was replaced by secret written ballot in 1920, the mechanism for insulating junior members from the opinions of their seniors was retained by requiring that the junior member collect the ballots. If the junior member collects the ballots, the senior member is less likely to see how each member voted; but if the senior member collects the ballots, then he can readily identify each member's ballot, raising the possibility that the junior members will defer to the senior member's opinion.

In the case before us, the likelihood of junior members deferring to the opinion of the senior member is remote, since the junior member collected the ballots, thus preserving the secrecy of the voting. What was lost in this case was the opportunity for the junior member to ensure that the senior member accurately counted the votes and correctly announced the finding. The appellant does not allege miscounting of the votes, nor does he allege that the announced findings are incorrect. There is no evidence that the votes were miscounted or that the president did not correctly announce the actual findings of the court members.

■ The trial defense counsel did not object to the procedural instructions. Failure to object constitutes waiver in the absence of plain error. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1005(f). We do not find plain error in this case. *See United States v. Fisher*, 21 M.J. 327 (C.M.A.1986) (failure to instruct members to vote on lightest sentence first not plain error *per se* ).

We have considered the other assignments of error, including those made personally by the appellant, and find them to be without merit.

We note that the court members followed the military judge's instruction not to make findings regarding Additional Charges I and II and their specifications if they found appellant guilty of burglary and robbery. After findings were announced, the military judge dismissed Additional Charges I and II, but failed to dismiss their specifications. We will correct this oversight in our decretal paragraph.

■ We also note that the military judge failed to advise the appellant of his right to present matters in extenuation and mitigation, including the right to make a sworn or unsworn statement or to remain silent. Such advice is mandatory. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1001(a)(3). Because the appellant made a lengthy unsworn statement and called his tank crew commander to testify on his behalf, we are satisfied that the appellant understood his rights during the sentencing portion of the trial and exercised them. Accordingly, we find no prejudice as to sentencing. *See United States v. Williams*, 23 M.J. 713 (A.C.M.R. 1986).

The Specification of Additional Charge I and the Specification of Additional Charge II are dismissed. The findings of guilty and the sentence are affirmed.

Judge SMITH and Judge VARO concur.

---

3. The same provision is found in Article 72, Articles of War of 1806, 2 Stat. 368; Article 7, Articles of War of 1786, Journals of the Continental Congress, Volume XXX, 1786, p. 318; Section XIV, Article 4, Articles of War of 1776, Journals of the Continental Congress, Volume V, 1776, p. 801; Article XXXV, Articles of War, Journals of the Continental Congress, Volume II, 1775, p. 117. Voice voting is prescribed in Article XXXVII, Articles of War, Journals of the Continental Congress, Volume II, 1775, p. 117 and remained in effect until the Articles of War of 1920.