**UNITED STATES, Appellee,**

**v.**

**Sergeant John C. HARRIS, 574–34–5341, United States Army, Appellant.**

**ACMR 8903350.**

U.S. Army Court of Military Review.

21 June 1990.

For Appellant: Captain Brian D. Bailey, JAGC, Captain Paula C. Juba, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Denise J. Arn, JAGC (on brief).

Before FOREMAN, JOHNSON and VARO, Appellate Military Judges.

## OPINION OF THE COURT

JOHNSON, Judge:

A general court-martial consisting of officers and enlisted members convicted the appellant, consistent with his pleas, of larceny of funds from an insurance company, fleeing the scene of an accident, and setting fire to an automobile with intent to defraud its insurer, in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 934 (1982) [hereinafter UCMJ]. His approved sentence provides for a bad-conduct discharge, confinement for three years, forfeiture of all pay and allowances and reduction to Private E1.

Appellant contends, and the government concedes, that his plea of guilty to fleeing the scene of an accident was im-

provident. Although appellant did leave the scene of an accident without notifying any authorities after he apparently lost control of his automobile causing it to leave the highway and career over an embankment, this was not the "hit and run" situation contemplated by the Manual for Courts–Martial for a fleeing the scene charge. Manual for Courts–Martial, United States, 1984, Part IV, para. 82(c)(1). That offense was intended to apply to situations "where there is damage to property other than the driver's vehicle or injury to someone other than the driver or a passenger in the driver's vehicle." *Id.* The only injuries caused by appellant's accident were sustained by a passenger, and the only property damage of significance was to appellant's car. Accordingly, we hold that the appellant's plea of guilty was improvident.

Appellant also contends that the military judge improperly instructed the members as to voting procedures. The military judge failed to instruct that the vote on proposed sentences must be by secret written ballot, that the junior member shall collect and count the votes, and that the count shall be checked by the president, who shall forthwith announce the result of the ballot to the members. These instructions, found in Manual for Courts–Martial, 1984, Rule for Courts–Martial 1006 and required by Rule for Courts–Martial 1005, are all mandated by Article 51(a), UCMJ, except for the ballot collection requirement. Further, with regard to the deliberation process, the military judge failed to instruct that "only the members shall be present during deliberations and voting," that "superiority in rank shall not be used in any manner to control the independence of members in the exercise of their judgment," and that deliberations include a "full and free discussion of the sentence to be imposed in the case." These additional instructions are found in Rule for Courts–Martial 1006 also, but are not statutorily mandated. All of these omitted instructions are set out in the Military Judges' Benchbook, Dep't of Army, Pam. 27–9, para. 2–38 (Cl, 15 Feb. 1985).

▮ Because the appellant pleaded guilty, the court members were not in-structed on voting procedures for findings. By neglecting to give complete procedural instructions for voting on the sentence, the military judge erred. The use of a secret written ballot and the collection and counting of the votes by the junior member are designed to insure that junior members vote free from any influence of the views of their seniors on the panel. *United States v. Kendrick,* 29 M.J. 792, 793 (A.C. M.R.1989). We decline to presume that the correct procedures were in fact followed by the panel when the required instructions were not given. We note that in his preliminary remarks prior to *voir dire,* the military judge admonished the members that, "The influence of rank plays no part at all. Each of you has equal voice and equal vote." Contrary to the urging of the government, this general statement by the military judge is neither a substitute for nor does it supplant the required specific procedural instructions on sentence which articulate those mandatory procedures intended to prevent improper influence of rank during deliberations and voting. Applying the analysis prescribed in *United States v. Fisher,* 21 M.J. 327 (C.M.A.1986), we find that failure to give the required instructions regarding use of secret written ballots and the collection and counting of the votes by the junior member constitutes plain error. Appellant has been deprived of a substantial procedural safeguard by this omission. The avoidance of any improper influence due to rank goes to the very integrity and public reputation of the military sentencing process.

The finding of guilty of Specification 1 of Charge IV is set aside and Specification 1 of Charge IV is dismissed. The remaining findings of guilty are affirmed. The sentence is set aside. A rehearing on the sentence, based upon the affirmed findings of guilty, may be ordered by the same or a different convening authority.

Senior Judge FOREMAN and Judge VARO concur.