**UNITED STATES, Appellee,**

v.

**Private E2 Thomas J. LLEWELLYN, 296–60–3708, United States Army, Appellant.**

**ACMR 9001133.**

U.S. Army Court of Military Review.

25 April 1991.

---

For Appellant: Captain Brian D. Bailey, JAGC, Captain Lauren B. Leeker, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Donald W. Hitzeman, Captain Timothy J. Saviano, JAGC (on brief).

Before De GIULIO, NAUGHTON and VARO, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a general court-martial composed of officer and enlisted members. He entered mixed pleas to the two charged offenses. In accordance with his pleas, he was found guilty of larceny of government property in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (1982) [hereinafter UCMJ]. Contrary to his pleas, he was found guilty of failure to give notice and turn over captured property in violation of Article 103, UCMJ, 10 U.S.C. § 903 (1982). The convening authority approved the sentence of confinement for two years, total forfeitures, and reduction to Private E1.

Appellant alleges that the military judge gave deficient instructions on voting procedures which deprived him of substantial protections on findings. We find harmless error and affirm.

During instructions on findings, the military judge omitted the following language from the standard instruction contained in the Benchbook: "The junior member collects and counts the votes, the count is checked by the president who immediately announces the result of the ballots to the members." Dep't of Army Pam. 27-9, Military Judges' Benchbook, para. 3-29 (1 May 1982) [hereinafter Benchbook]. The military judge did properly instruct the court on the remaining procedures, to include that influence of superiority of rank would not be employed, that there should be full and free discussion, and that voting should be by secret written ballot. There was no objection to the omitted instruction.

Appellant argues that the military judge's omission was plain error which denied him substantial safeguards which protect the deliberation process from undue influence of superior rank.[1]

Our present statutory provision concerning this issue is Article 51(a), UCMJ, 10 U.S.C. § 851(a), which provides that:

Voting by members of a general or special court-martial on the findings and on the sentence, and by members of a court-martial without a military judge upon questions of challenge, shall be by secret

---

1. Appellant relies on the overly broad language in *United States v. Kendrick,* 29 M.J. 792, 794 (A.C.M.R.1989) and *United States v. Harris,* 30 M.J. 1150, 1151 (A.C.M.R.1990), which concluded that the use of secret written ballot and *the collection and counting of* all votes by the junior member are designed to insure that junior members vote free from an influence of the views of their seniors on the panel. For the reasons stated in this opinion, that reliance is misplaced.

written ballot. The junior member of the court shall count the votes. The count shall be checked by the president, who shall forthwith announce the result of the ballot to the members of the court.

The purpose of this provision was disclosed in the Congressional hearings as follows:

Mr. Brooks. For the purpose of the record, Mr. Smart, why is the voting beginning with the junior member of the court?

Mr. Smart. Well, they have to have a *so-called leg-boy* and it is always the junior member who does that. *All that means is that he gathers up the votes and looks at them,* and then the president looks at them, and the court confirms the count of the junior member.

. . . .

Mr. Larkin. He does not vote first or make known his vote, if voting is by secret ballot.

Mr. Rivers. (b) deals with interlocutory questions?

Mr. Larkin. That is right, it deals with interlocutory questions.

Mr. Brooks. What about (b)?

Mr. Rivers. He wants to get started off so he will not influence anybody but himself.

Mr. Larkin. Do you have a question on (b), Mr. Chairman?

Mr. Brooks. Yes, in reference to the junior member voting first. I would like to have the record show the reason for that.

Mr. Larkin. There, of course, *the vote is on the two or three legal questions on which the court can vote at all.* It is limited to that. On the question of the junior member voting first, it is so he can express himself independently without having heard what the votes of his superiors are, and, as Mr. Elston suggests, perhaps be reluctant to express a different or independent view.

Uniform Code of Military Justice: Hearings on HR 2498 Before a Subcomm. of the House Comm. on Armed Services, 81st Cong., 1st Sess. 1074–75 (1949), *reprinted in* 1 Index and Legislative History of the Uniform Code of Military Justice, 1950 at 542–43 (1985) (emphasis added).

It is clear from this exchange that the junior member is merely performing a ministerial act when he collects and counts the votes. Only when voting on interlocutory questions where the vote was *viva voce* was it required that the junior member vote first.[2] The rule requiring the junior member to vote first has no application during deliberations on findings and sentence. Indeed, Winthrop noted, "Where however the voting as it more usually is at this stage, is by written ballot, the reason for the statute [Article of War 95] scarcely applies: it is rather as to voting upon interlocutory questions that the rule is important to be observed." W. Winthrop, Military Law and Precedents 376 (1886 ed., 1920 reprint).

For the reasons stated, we hold that the acts of the junior member in collecting and counting the votes are ministerial in nature. Consequently, we find no prejudice to appellant from the military judge's error in omitting the instruction.[3] The findings

---

**2.** Prior to the 1968 amendments to the UCMJ, the law officer's rulings on interlocutory questions were made subject to the objection of any member of the court. When a court member objected, the court would retire to deliberate and vote. Since the vote was *viva voce* it was important that the junior member voted first in order to insure his vote was not influenced by those members who were superior in rank. With the 1968 amendments to the UCMJ, in trials where military judges presided, military judges were given authority to rule finally on questions of law or any interlocutory question other than the factual issue of mental responsibility of the accused. The rule for the junior members to vote first does not apply on findings and sentence since the vote is by secret written ballot. These rules still apply, however, to special courts-martial without a military judge. *See* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 801(e)(3)(C). In this respect, this court is not aware of any cases which have been tried in the Army without a military judge since enactment of the 1968 amendments.

**3.** Our holding should not be construed as approval for not following the time-tested provisions of the Benchbook. Although we believe the omission of the instruction in this case was inadvertent, military judges are cautioned that failure to follow the Benchbook at worst may

or sentence of a court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused, UCMJ art. 59(a), 10 U.S.C. § 859(a). The allegation of error is without merit.

The other allegation of error raised personally by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), is also without merit.

The findings of guilty and the sentence are affirmed.

Judge NAUGHTON concurs.
Judge VARO concurs in the result.

result in reversal and at best result in needless litigation at the appellate level.