**UNITED STATES, Appellee,**

v.

**Specialist Christopher T. GREENE, 267–06–4002, United States Army, Appellant.**

**ACMR 9201234.**

U.S. Army Court of Military Review.

18 March 1993.

▬▬▬▬▬▬▬▬▬▬▬▬

---

For Appellant: Major James M. Heaton, JAGC, Captain Michael E. Smith, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Timothy W. Lucas, JAGC, Captain David G. Tobin, JAGC (on brief).

Before CREAN, GONZALES, and DELL'ORTO, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

Pursuant to his pleas, the appellant was found guilty of two specifications of attempted larceny and one specification each of wrongful use of marijuana, wrongful appropriation, and larceny, in violation of Articles 80, 112a, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 912a, and 921 (1982 and Supp. V 1987) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge.

The appellant asserts that the military judge erred by improperly instructing the court members on the voting procedures for sentencing. Specifically, the military judge failed to advise the members that a vote on a proposed sentence must be by secret written ballot. We agree with the appellant's assertion, but affirm the findings and the sentence.

Rules for Courts–Martial 1006(d)(2) and 1005(e)(2),[1] as mandated by Article 51(a), UCMJ, 10 U.S.C. § 851(a), require the mili-

---

1. Manual for Courts–Martial, United States, 1984, Rules for Courts–Martial 1006(d)(2) and 1005(e)(2) [hereinafter R.C.M.].

tary judge to instruct the court members that their voting on the sentence "shall be by secret written ballot." The appellant argues that the military judge's failure to instruct the court members on the secrecy of their written ballot constitutes plain error, even though the military judge gave the individual defense counsel an opportunity to object or request additional instructions and he elected not to do so. The appellant relies substantially on *United States v. Harris*, 30 M.J. 1150, 1151 (A.C.M.R.1990), and *United States v. McLeod*, ACMR 9002932, slip op. at 2 (A.C.M.R. 9 Oct. 1991) (unpub.), which held that the failure to provide the proper instructions amounted to plain error.

■ In order to constitute plain error, however, this Court must be satisfied that the claimed error not only seriously affected "substantial rights," but that it had an unfair prejudicial impact on the jury's deliberations. Only then would this Court be able to conclude that the error undermined the fairness of the trial and contributed to a miscarriage of justice. *United States v. Young*, 470 U.S. 1, 16 n. 14, 105 S.Ct. 1038, 1047 n. 14, 84 L.Ed.2d 1 (1985); *United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936). To determine whether plain error has occurred in this case, the claim must be evaluated against the entire record. *United States v. Fisher*, 21 M.J. 327, 329 (C.M.A.1986).

Normally, we would decline to presume that the correct procedures were in fact followed by the court members when required instructions were not given and find plain error. *See Harris*, 30 M.J. at 1151; *McLeod*, slip op. at 2. However, this case is factually distinguishable from our holding of plain error in *Harris*. First, in *Harris*, the military judge not only failed to instruct the court members that the proposed sentences shall be voted on by secret written ballot, he also failed to instruct them that the junior member shall collect

and count the votes and that the count shall be checked by the president who will inform the other members of the result pursuant to R.C.M. 1006(d)(3)(B); only court members shall be present during deliberations and voting and that superiority in rank shall not be used in any manner to control the independence of members in the exercise of their judgment pursuant to R.C.M. 1006(a); and, that deliberations may include full and free discussion of the sentence to be imposed in the case pursuant to R.C.M. 1006(b). Secondly, these omissions in *Harris* caused this Court to express its deep concern that the cumulative effect of these omissions resulted in the court members not being sufficiently advised to avoid and prevent the danger of improper influence of rank during their deliberations and voting. *Harris*, 30 M.J. at 1151. There is no evidence that a similar clear danger existed in this case.

■ Considering the entire record, we hold that the military judge's instructional omission, though error, did not constitute plain error. The instructions the military judge gave to the court members provided them with all of the procedures to follow in deliberating and voting on each proposed sentence, except for the instruction that all proposed sentences shall be voted on by secret written ballot. We find no evidence that this omission undermined the fairness of the trial or contributed to a miscarriage of justice.

■ Since we have determined that there was no plain error in this case, this Court must test the error for prejudice. Unlike our review in *Harris* and *McLeod*, we have considered a brief sworn statement of the junior member of the court, on motion by government appellate counsel, to assist us in resolving fully the appellant's assignment of error.[2] In considering this affidavit, we are mindful of the limitations on the use of affidavits from court mem-

---

**2.** Sergeant First Class Ernest Bonner's sworn statement provides, in part:

"On the 20th of May 1992, ... we went in the back room to vote. We wrote our ballot on a sheet of paper, folded it over and received all the votes. Being the junior member, I count-

ed them and handed them to the senior member and he verified what I had counted. Before we voted, the President of the board instructed the members [that] no one would see the other members' (sic) ballots."

bers. Affidavits can be used when extraneous information has been improperly brought to the attention of court members, when outside influence has been brought to bear on a member, and when unlawful command influence has occurred. *United States v. Stone*, 26 M.J. 401, 403 (C.M.A. 1988); *United States v. Accordino*, 20 M.J. 102, 104 (C.M.A.1985); *United States v. Truitt*, 32 M.J. 1010, 1012 n. 1 (A.C.M.R. 1991). If a court votes without using secret written ballots, it is possible for unlawful outside concerns or seniority in rank to influence a member's vote. Accordingly, it is permissible to use a court member's affidavit to ensure the vote was taken by a secret written ballot, but only for the purpose of determining whether the ballot was in fact a secret written ballot. *See United States v. Martinez*, 17 M.J. 916 (N.M.C.M.R.1984).

Based on the junior court member's limited statement, we find that the proposed sentences were voted on by secret written ballot by the court members. We find, therefore, that the appellant suffered no prejudice from the military judge's instructional omission. Finally, in the absence of plain error, we also hold that counsel's failure to object at trial to the omission of the instruction before the court members closed to deliberate on the sentence constituted waiver of that error. R.C.M. 1005(f); *United States v. Balboa*, 33 M.J. 304, 307 (C.M.A.1991).

The findings of guilty and the sentence are affirmed.