UNITED STATES, Appellee

v.

Christopher T. GREENE, Specialist
U.S. Army, Appellant.

No. 93–1084.
CMR No. 9201234.

U.S. Court of Military Appeals.

Argued June 1, 1994.

Decided Sept. 29, 1994.

For Appellant: *Captain Christopher W. Royer* (argued); *Colonel Stephen D. Smith, Lieutenant Colonel James H. Weise, Captain Michael E. Smith, Captain Michael A. Egan* (on brief); *Major James M. Heaton.*

For Appellee: *Captain Gregory T. Baldwin* (argued); *Colonel Dayton M. Cramer, Major James L. Pohl, Captain David G. Tobin* (on brief).

*Opinion of the Court*

CRAWFORD, Judge:

Pursuant to his pleas, appellant was convicted of attempted larceny (2 specifications) and of wrongful use of marijuana, wrongful appropriation, and larceny, in violation of Articles 80, 112a, and 121, Uniform Code of Military Justice, 10 USC §§ 880, 912a, and 921, respectively. The convening authority approved the sentence of a bad-conduct discharge. The Court of Military Review affirmed the findings and sentence. 36 MJ 1068 (1993). We granted review on the following issue:

> WHETHER THE MILITARY JUDGE ERRED BY IMPROPERLY INSTRUCTING THE MEMBERS AS TO VOTING PROCEDURES.

We hold that, under the facts in this case, the military judge did not commit plain error in failing to instruct the court members that their voting on sentence was to be by secret written ballot.

FACTS

During the preliminary instructions to the members, the judge said, "Each of you has an equal voice and vote with the other members in discussing and deciding all issues submitted to you. The senior member's vote counts as one, the same as the junior member's."

The sentencing instructions by the judge were as follows:

> Now, the procedural instructions in determining a sentence. . . . The influence of superiority in rank shall not be employed in any manner to control the independence of members in the exercise of their judgment. When you have completed your discussion, then any member who desires to do so may propose a sentence, and you do that by writing out on a slip of paper a complete sentence. The junior member collects the proposed sentences, submits them to the president, who will arrange them in order of their severity.
>
> *     *     *
>
> After each ballot, the junior member will collect and count the votes. The count is then checked by the president who shall announce the result of the ballot to the members.

There was no objection to these instructions.

## DISCUSSION

Prior to 1920, *United States v. Kendrick*, 29 MJ 792, 794 n. 3 (ACMR 1989), there could be an oral vote beginning with the "youngest in commission." The purpose was to prevent the senior members from "unduly" influencing the junior members. W. Winthrop, *Military Law and Precedents* 391 (2d ed. 1920 Reprint).

Now, however, both Article 51(a), UCMJ, 10 USC § 851(a), and RCM 1006(d)(2), Manual for Courts–Martial, United States, 1984, provide that the members shall vote by secret written ballot.

Article 51(a) provides:

Voting by members of a general or special court-martial on the findings and on the sentence ... shall be by secret written ballot. The junior member of the court shall count the votes. The count shall be checked by the president, who shall forthwith announce the result of the ballot to the members of the court.

RCM 1006(d)(2) requires that "[p]roposed sentences shall be voted on by secret written ballot."

■ While the judge is not expressly required to instruct that there will be a secret written ballot, the members would not reasonably know this requirement unless there was an instruction. Such an instruction is set forth in paragraph 2–38 of the Military Judges' Benchbook at 2–46 (Dept. of the Army Pamphlet 27–9 (Change 1, Feb. 1985)). The failure to give the instruction is error. The rationale behind the secret written ballot rule is to prevent unlawful influence or use of superiority in rank to influence the vote of junior members. *See* W. Winthrop, *supra* at 391.

■ Defense counsel's failure to object constitutes waiver in the absence of plain error. *United States v. Fisher*, 21 MJ 327 (CMA 1986). *See generally United States v. Olano*, —— U.S. ——, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). We will find plain error when there is a clear, obvious error which affects the substantial rights of the accused. *United States v. Toro*, 37 MJ 313, 316 (CMA 1993).

■ In this case the judge instructed the members that "[e]ach of you has equal voice and vote. .... The senior member's vote counts as one, the same as the junior member's." During the procedural instructions, again the judge admonished the members that "influence of superiority in rank shall not be employed." Then the judge instructed the members that the ballots on proposed sentences are collected and counted by the junior member. Relying on these instructions and absent evidence of the influence of superiority in rank, *United States v. Accordino*, 20 MJ 102 (CMA 1985), we hold the judge's error did not affect the substantial rights of appellant.*

The decision of the United States Army Court of Military Review is affirmed.

Judges COX and WISS concur.

---

* *United States v. Boland*, 20 USCMA 83, 85, 42 CMR 275, 277, 1970 WL 7070 (1970), is distinguishable from the facts in this case. First, the issue there was an affirmative "instruction that the members could vote 'orally' on" a request to reconsider the findings. Second, the record in this case makes clear the absence of prejudice.

SULLIVAN, Chief Judge (concurring in the result):

I concur in the result reached by the majority. The secret written ballot was designed to protect against the intentional, as well as unintentional, influence of command and rank in panel deliberations. *See United States v. Kendrick*, 29 MJ 792, 793 (ACMR 1989). Furthermore, a post-trial affidavit by a member of the court-martial panel may be used when undue or unlawful command influence is said to have occurred during panel deliberations. *United States v. Stone*, 26 MJ 401 (CMA 1988). Moreover, neither I nor the majority of this Court have rejected use by the court below of a post-trial affidavit in resolving the granted issue. Therefore, based on the contents of the affidavit filed in this case, 36 MJ 1068, 1070 n. 2 (ACMR 1993), I conclude that appellant was not prejudiced by the military judge's failure to instruct on secret written ballot. This, in my mind, distinguishes this case from *United States v. Boland*, 20 USCMA 83, 42 CMR 275 (1970).

GIERKE, Judge (dissenting):

I disagree with the majority's holding that the military judge did not commit plain error. The test for plain error is whether: (1) there has been an error, (2) that error was "plain" or obvious, and (3) the error affected a substantial right of the accused. *United States v. Demerse*, 37 MJ 488, 491 (CMA 1993). I part company with the majority's holding that the error did not affect a substantial right of the accused. In *United States v. Boland*, 20 USCMA 83, 85–86, 42 CMR 275, 277–78 (1970), this Court held that failure to instruct the members that voting must be by secret written ballot affected the substantial rights of the accused and was "presumptively prejudicial." In my view *Boland* is controlling.

*Boland* also holds that the presumption of prejudice may only be rebutted by "*compel-ling* evidence in the record that no harm actually resulted." 20 USCMA at 86, 42 CMR at 278. The record is silent in this case.

The Government asks this Court to consider post-trial affidavits to determine whether appellant was prejudiced by the defective instruction. The majority does not address this issue. In my view, the post-trial affidavits are not competent evidence, because they do not meet the threshold requirement of showing "whether extraneous prejudicial information was improperly brought to the attention of the members of the court-martial, whether any outside influence was improperly brought to bear upon any member, or whether there was unlawful command influence." Mil.R.Evid. 606(b), Manual for Courts–Martial, United States, 1984.

I do not regard the military judge's instructions as being sufficient to ensure that voting was secret. Although he instructed them that each member has "equal voice and vote," and made reference to the duty of the junior member to "collect and count the votes," there is no mention of the critical requirement for secrecy in voting.

Even under the Articles of War, when voting could be by voice vote, "junior members were required to vote first so that they would be less likely to be influenced by the opinions of their seniors." *United States v. Kendrick*, 29 MJ 792, 793–94 (ACMR 1989), *citing* W. Winthrop, *Military Law and Precedents* 532 (1886). While disclosure of the votes of the senior members of the court-martial is not "unlawful command influence," it nevertheless compromises the integrity of the voting process. In my view absence of an instruction mandating secret voting is plain error.

I would reverse the decision of the Court of Military Review as to sentence and authorize a sentence rehearing.