# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and BORGERDING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Second Lieutenant GREGORY J. MURRAY**
**United States Army, Appellant**

ARMY 20111120

Headquarters, Fort Bliss
David H. Robertson, Military Judge (arraignment)
James L. Varley, Military Judge (trial and post-trial hearing)
Colonel Francis P. King, Staff Judge Advocate (pretrial)
Lieutenant Colonel Oren H. McKnelly, Acting Staff Judge Advocate
(recommendation)
Colonel Edward K. Lawson IV, Staff Judge Advocate (addendum)

For Appellant:  William E. Cassara, Esq. (argued); Captain Brian J. Sullivan, JA;
William E. Cassara, Esq. (on brief).

For Appellee:  Captain Benjamin W. Hogan, JA (argued); Colonel John P. Carrell,
JA; Major Robert A. Rodrigues, JA; Captain Benjamin W. Hogan, JA (on brief).

22 July 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

KRAUSS, Judge:

An officer panel sitting as a general court-martial convicted appellant,
contrary to his pleas, of rape of a person under the age of 12 in violation of Article
120, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 920 (2000).
The convening authority approved the adjudged sentence of a dismissal, confinement
for eight years, and forfeiture of all pay and allowances.

This case is before the court for review under Article 66, UCMJ. Appellant assigns four errors. After review of the record and enjoying the benefit of the parties' briefs and oral argument, we conclude the evidence is sufficient to affirm appellant's conviction,[1] and that the judge did not abuse his discretion in denying appellant's request for expert assistance or in refusing to inquire further into the panel's deliberations. However, we conclude that some relief is warranted in light of excessive post-trial delay in the process of this case. The issues of expert assistance, the panel's deliberations, and post-trial delay warrant brief discussion.

## EXPERT ASSISTANCE

Appellant was convicted of raping JJ when she was less than 12 years old. This conviction stands primarily on her testimony. Prior to trial, defense counsel requested the assistance of a particular expert in forensic psychology, Dr. PE, as an expert consultant to identify whether the credibility of JJ's accusations against appellant might be undermined. The defense counsel sought Dr. PE because he possessed the education and experience to recognize whether JJ may have been coached or susceptible to suggestion, among other possibilities. The convening authority denied that request and offered a substitute, Dr. KE. The defense was not satisfied with the substitute consultant because she possessed neither education, training, or experience with either forensic or child psychology, whereas the defense's requested expert was purportedly experienced in both areas.[2]

The military judge also denied appellant's request for Dr. PE, and during the trial, denied appellant's request for reconsideration to appoint the same expert.[3] In his initial denial, the judge left open defense's opportunity to request reconsideration if the defense consulted with the proffered substitute (an expert in general psychology) and developed additional facts to support the appointment of

---

[1] *See United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).

[2] The defense offered neither documentation nor testimony to establish their requested expert's special qualification, but all parties assumed he was so qualified, and we assume so here for the sake of this decision. Research reveals that Dr. PE has previously been recognized as an expert in the field of forensic and child psychology in other courts. *See, e.g., People v. Mayer*, No. B230332, 2012 WL 682068, at *3 (Cal. Ct. App. Mar. 1, 2012).

[3] During trial, the defense renewed its request based on the testimony of a medical doctor about a physical exam of JJ. We agree with the military judge's denial of that renewed request in that there was nothing in the medical doctor's testimony about JJ's physical examination sufficient to suggest the need for the assistance of a forensic psychologist.

Dr. PE.  The defense never consulted with Dr. KE to attempt further development of appellant's request for Dr. PE in any respect.

On appeal, appellant argues the military judge abused his discretion when he denied appellant's request for Dr. PE as an expert consultant.  To begin with, we hold that appellant waived the issue by failing to employ Dr. KE and base a renewed request on evidence developed through consultation with her.  We recognize that Dr. KE was an inadequate substitute in terms of specialized qualification;[4] but, at the very least, her expertise in general psychology offered the defense counsel an opportunity to develop the facts and testimony necessary to establish for the military judge that Dr. PE was indeed required to ensure a fair trial.  Dr. KE expressed a willingness to assist in that respect, but the defense did nothing.  Failure to exploit this opportunity constitutes waiver under the circumstances.  *See United States v. Gunkle*, 55 M.J. 26, 32 (C.A.A.F. 2001).

Even if we were to consider that the judge imposed upon appellant a requirement to engage in a futile exercise as a result of Dr. KE's lack of experience in the particular area of expertise requested, we nevertheless hold that he did not abuse his discretion by denying appellant's request.  The military judge properly resolved whether appellant demonstrated the necessity required to substantiate the employment of expert assistance in the first place.  He decided against appellant, applying the three-part analysis provided in *United States v. Gonzalez*, 39 M.J. 459, 461 (C.M.A. 1994),[5] including a finding that civilian defense counsel's significant experience in the defense of such cases permitted that counsel to develop the facts necessary himself or develop those facts necessary to renew his request for Dr. PE.[6]

The defense counsel wanted this expert to review the entire case file and various interviews of the victim in the case and advise the defense counsel whether there was anything there worth pursuing.  This shows neither a reasonable probability that this consultant would help appellant nor that the denial of his assistance would result in a fundamentally unfair trial.  *See United States v.*

---

[4] *See United States v. Warner*, 62 M.J. 114, 118 (C.A.A.F. 2005) (holding that if the defense shows expert assistance is necessary, the government must provide an "adequate substitute."); UCMJ art. 46; Rule for Courts-Martial 703(d).

[5] The defense must show: (1) why the expert is needed; (2) what the expert would accomplish for the accused; and (3) why the defense counsel is unable to gather and present the evidence that the expert would be able to develop.  *Gonzalez*, 39 M.J. at 461.

[6] It is apparent that defense counsel wanted to use the expert consultant as a witness if the expert's assistance revealed anything helpful to the defense, but there is no request for the production of an expert witness at issue in this case.

*Freeman*, 65 M.J. 451, 458 (C.A.A.F. 2008).  Employing the three-part analysis of *Gonzalez* ourselves, we hold the military judge did not abuse his discretion in denying the request, especially in light of defense counsel's significant experience with the defense of such cases generally.  This case is much like *United States v. Lloyd* in that the defense here essentially based his request on the desire to have an expert explore all possibilities.  69 M.J. 95, 99-100 (C.A.A.F. 2010).  That is an insufficient basis for appointment of an expert.  *See id.*; *Freeman*, 65 M.J. at 458-59; *United States v. Bresnahan*, 62 M.J. 137, 142-44 (C.A.A.F. 2005).

## PANEL DELIBERATIONS

After trial, a panel member, Major (MAJ) BK, remarked to his civilian legal adviser that the president of the panel, Colonel (COL) SM, "acted like a colonel" during deliberations, and that during those deliberations the same COL M, a dentist, declared on the question of sexual penetration, "I know anatomy."  The civilian legal adviser's observation was that MAJ BK was troubled by the behavior and statements of COL SM and disturbed about the manner with which the panel president presided over deliberations.  This left the legal adviser with the impression that there was a possibility of an issue relative to the improper use of rank or external information in the panel's deliberations.  Cognizant of the necessity to respect the secrecy of panel deliberations, the legal adviser cut any further discussion on the subject short.  Identifying the possibility of an issue over the validity of the panel's findings, the legal adviser contacted the relevant chief of criminal law on the installation.  A post-trial 39(a) session on the matter was convened at which the legal adviser was examined and upon whose sole testimony the judge decided against inquiring any further on the matter.

Appellant now argues the military judge abused his discretion when he denied appellant's motion to conduct further inquiry into the validity of the panel's findings.  Here too we hold the judge did not abuse his discretion.  The fact that the panel president may have expressed a particular view about anatomy and penetration during deliberations on the issue is an insufficient basis upon which to further breach the secrecy of those deliberations.  Whether this comment might suggest a possible failure of the panel or a member to adhere to the definitions provided by the judge, it is no basis upon which to embark upon further inquiry into the panel's deliberations.  *See United States v. Hollingsworthmata*, 72 M.J. 619, 621 (Army Ct. Crim. App. 2012), *petition denied*, 72 M.J. 403 (C.A.A.F. 2013); Military Rule of Evidence [hereinafter Mil. R. Evid.] 606(b).  Also, the remark related about anatomy and its context is sufficiently akin to the sort of robust discussion expected in deliberations and insufficiently indicative of the panel president purporting to be the authority on matters of sexual penetration necessary to warrant any inquiry about potential impact of external rather than intrinsic influences on the panel's deliberations.  *See United States v. Straight*, 42 M.J. 244, 249-50 (C.A.A.F. 1995); *United States v. Accordino*, 20 M.J. 102, 105 (C.M.A. 1985).  Similarly, there is

nothing about a colonel "acting like a colonel" as president of a court-martial panel that is sufficiently indicative of the improper use of rank to consider the judge's decision an abuse of discretion. *See Accordino*, 20 M.J. at 105 *(*recognizing the administrative powers of courts-martial presidents and the necessity to protect all panel members, including senior ranking members from "fear of retribution or appellate sniping" for the expression of opinions and participation in robust panel discussions); Mil. R. Evid. 606(b).

## POST-TRIAL DELAY

Finally, we address the matter of excessive post-trial delay. From sentence to action, there was a 407-day delay. Our calculations in a light most favorable to the government, and excluding defense delay and the time between sentence and conclusion of the post-trial Article 39(a), leaves at least 286 days of processing time attributable to the government. The military judge provided an explanation to cover 37 days of that delay. Despite appellant's demand for speedy post-trial trial processing submitted the month after the post-trial hearing concluded, the government offers no additional explanation[7] for the remaining 249 days of delay. Under the totality of the circumstances, we resolve that relief for this unexplained delay is warranted. *See* UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006).

## CONCLUSION

The findings of guilty are AFFIRMED. After considering the entire record, the court affirms only so much of the sentence as provides for a dismissal, confinement for seven years and eleven months, and forfeiture of all pay and allowances. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision, are ordered restored. *See* UCMJ art. 75(a).

Senior Judge LIND and Judge BORGERDING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[7] Government Appellate Exhibit 1 is a chronology, not an explanation, for delay.